UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JAKE GEYER WATERMAN,           )
                               )
    Plaintiff              )
                               )
v.                             )    No. 2:19-cv-00032-JDL
                               )
PAUL G. WHITE                  )
INTERIOR SOLUTIONS,            )
                               )
    Defendant              )

### ORDER ON MOTION FOR IN FORMA PAUPERIS STATUS
### AND RECOMMENDED DECISION ON 28 U.S.C. § 1915(e)(2) REVIEW

The *pro se* plaintiff, Jake Geyer Waterman, seeks *in forma pauperis* status in connection with his complaint against his former employer, defendant Paul G. White Interior Solutions ("Paul White Interior"), for violation of his rights pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and for defamation. Complaint for a Civil Case ("Complaint") (ECF No. 1) at Page ID ## 4, 9; Application To Proceed in District Court without Prepaying Fees or Costs ("IFP Application") (ECF No. 4). I grant the plaintiff's request for leave to proceed *in forma pauperis* and recommend, following review pursuant to 28 U.S.C. § 1915(e)(2)(B), that the court permit this case to proceed.

### I. Application To Proceed *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In his motion to proceed *in forma pauperis*, the plaintiff declares under penalty of perjury that he has take-home pay of $78 weekly, has had no other income for the past 12 months, has $250 in cash or in a checking or savings account, has nothing of value, and has $9,910 in overdue bills. *See* IFP Application. These financial circumstances entitle him to proceed *in forma pauperis*.

1

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that

---

[1] Section 1915(d) was subsequently renumbered as section 1915(e).

pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Me.*, 276 F.3d 87, 94 (1st Cir. 2002).

**B. Factual Background**

The plaintiff alleges the following:

Paul White Interior fired him for taking five working days off to care for his father, who had a medical emergency (a terminal illness). *See* Complaint at Page ID # 5.

The plaintiff's father suffers from degenerative bone disease, polythycemia blood disease, and a ruptured aorta. *See id.* at 7. The plaintiff's stepmother received a call from the doctor stating that if his father "did not come back in for tests immediately he would most likely die." *Id.*

The plaintiff's leave was unforeseeable, and he called one of the owners of Paul White Interior and its operations/personnel manager and left voicemails for both. *See id.* In a Facebook message, the plaintiff informed Johnathan White, an owner of Paul White Interior, that his father still was not doing well and was barely getting out of bed, and White told him to contact other

people, including the personnel manager, whom the plaintiff did call but who did not get back to him. *See id*. at Page ID # 9.

White "was well aware of what was going on and never determined this an FMLA circumstance" and "never even asked a question about it, was only concerned about work being completed." *Id*. at Page ID # 7.

White stated in a Facebook message that everyone thought the plaintiff had left his job and quit, although the plaintiff had "said nothing of the sort" and had "ma[d]e people aware of my Dad's terminal illness right along for days of [sic] weeks while working." *Id*. at Page ID # 9. White also "documented many lies to cause my disqualification [from] unemployment benefits." *Id*. at Page ID # 8.

### C. Discussion

#### 1. FMLA Retaliation Claim

The FMLA provides eligible employees with up to 12 weeks of protected leave in a 12-month period in several circumstances, including, as relevant here, "[i]n order to care for the . . . parent[] of the employee, if such . . . parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). A "serious health condition" is defined as "an illness, injury, impairment, or physical or mental condition that involves . . . inpatient care in a hospital, hospice, or residential medical care facility" or "continuing treatment by a health care provider." *Id*. § 2611(11).

"To establish a claim for unlawful retaliation under the FMLA, [a plaintiff] must demonstrate: (1) he availed himself of a protected FMLA right; (2) he was adversely affected by an employment decision; and (3) there was a causal connection between his protected conduct and the adverse employment decision." *Fisk v. Mid Coast Presbyterian Church*, 2:16-cv-00490-JDL, 2017 WL 1755950, at *5 (D. Me. May 4, 2017). "Actual knowledge on the part of an employer

that a particular employee has specifically invoked the FMLA's statutory protections, as opposed to having taken leave for an injury or other condition which happens to be FMLA-protected, is not the *sine qua non* of FMLA retaliation liability." *Chase v. U.S. Postal Serv.*, 843 F.3d 553, 560 (1st Cir. 2016).

Assuming the truth of all well-pleaded facts and giving the plaintiff the benefit of all reasonable inferences therefrom, one could conclude that (i) he availed himself of a protected FMLA right by informing White that he was absent to care for his father, whom he had previously made known at work had a terminal illness, (ii) he was adversely affected by an employment decision when he was fired, and (iii) there was a causal connection between his protected conduct and his termination, given that he was fired after he informed his employer that he had missed work to care for his father.[2]

## 2. Defamation Claim

Defamation consists of:

(a) a false and defamatory statement concerning another;

(b) an unprivileged publication to a third party;

(c) fault amounting at least to negligence on the part of the publisher; and

(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Morgan v. Kooistra*, 2008 ME 26, ¶ 26, 941 A.2d 447, 455 (citation and internal quotation marks omitted). An action for defamation may be brought against a corporation. *See, e.g., Stanley v.*

---

[2] That the plaintiff pleads no facts bearing on whether his employer was subject to the FMLA is not fatal at this stage of the proceedings. *See, e.g.*, *Fisk*, 2017 WL 1755950, at *5 (noting that, although "[t]he requirements of the FMLA apply only to employers with fifty or more employees[,] . . . any argument based on whether the Church employed the required number of people must be left to the summary judgment process").

5

*Inhabitants of Town of Sangerville*, 109 A. 189, 191 (Me. 1920) ("[A] corporation is liable in damages for the publication of a libel, as for other torts. . . . [F]or acts done by the agents of a corporation, either in contractu or in delicto, in the course of its business, and of their employment, the corporation is responsible, as an individual is responsible under similar circumstances.") (citations and internal quotation marks omitted).

Assuming the truth of all well-pleaded facts and giving the plaintiff the benefit of all reasonable inferences therefrom, the plaintiff states a plausible claim of defamation against Paul White Interior.

*First*, he alleges that Johnathan White, a co-owner of the defendant company, made a false statement that he quit his job. "Under Maine law, statements are defamatory *per se* if they relate to a person['s] profession, occupation, or official station." *Symetra Life Ins. Co. v. Emerson*, 2:18-cv-00492-JDL, 2018 WL 6338723, at *2 (D. Me. Dec. 4, 2018) (citation and internal quotation marks omitted).

*Second*, while the plaintiff does not make clear whether White shared the Facebook message with others, he alleges that White deliberately made false statements in connection with his claim for unemployment compensation. In responding to that claim, Paul White Interior enjoyed a conditional privilege. *See, e.g., Shafran v. Cook*, No. CV-14-213, 2017 WL 1632349, at *19 (Me. Super. Ct. Mar. 13, 2017) (noting that "[a] conditional privilege protects against liability for defamation when society has an interest in promoting free, but not absolutely unfettered, speech"; holding that defendant's response to plaintiff's application for unemployment compensation was conditionally privileged) (citation and internal quotation marks omitted).

However, a conditional privilege may be overcome by a showing that the defendant acted with "malicious intent." *Id.* at *20 ("Malice includes making a statement knowing it is false, with

a reckless disregard for its truth, or acting out of spite or ill will."). The plaintiff's allegations, taken as true, suffice to make out a colorable claim that White, acting on behalf of Paul White Interior, acted with malice.

*Third*, the plaintiff's allegation of deliberate falsehoods, taken as true, demonstrates the requisite degree of fault.

*Fourth*, *and finally*, because false statements relating to one's occupation are defamatory *per se*, the plaintiff need not prove special damages to recover compensatory damages. *See, e.g., Symetra*, 2018 WL 6338723, at *2; *C&M Prop. Mgmt., LLC v. Moark, LLC*, Docket no. 2:15-cv-336-GZS, 2017 WL 1050992, at *5 n.16 (D. Me. Mar. 20, 2017).

### III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis* and recommend that the court permit this case to proceed following section 1915 review and **ENLARGE** the deadline for service of the complaint to 90 days from the date of the court's acceptance of that recommendation.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of February, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge