UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAKE GEYER WATERMAN, | ) |
| | ) |
| Plaintiff | ) |
| v. | )   No. 2:19-cv-00032-JDL |
| | ) |
| PAUL G. WHITE | ) |
| INTERIOR SOLUTIONS, | ) |
| | ) |
| Defendant | ) |

## RECOMMENDED DISMISSAL OF CASE

On April 7, 2020, the plaintiff, who is proceeding *pro se*, failed to appear for a telephonic hearing before me, following which I issued an order that he show cause in writing to the Court, on or before May 7, 2020, why this case should not be dismissed for lack of prosecution. *See* Order to Show Cause (ECF No. 33). Because the plaintiff has not, to date, responded, I recommend that the court dismiss this action without prejudice for his failure to prosecute his case.

### I. Background

The plaintiff filed a complaint on January 15, 2019, alleging that the defendant, his former employer, had violated his rights pursuant to the Family Medical Leave Act ("FMLA") and defamed him. *See* ECF No. 1. On April 18, 2019, the court accepted my recommendation, following review pursuant to 28 U.S.C. § 1915(e)(2)(B), that the case be allowed to proceed. *See* ECF Nos. 6, 8. On November 15, 2019, the court granted the defendant's motion to dismiss the plaintiff's FMLA interference and defamation claims against it but denied its motion to dismiss his FMLA retaliation claim and granted him leave to amend his complaint. *See* ECF No. 18 at 1.

On January 7, 2020, I presided over a discovery dispute hearing, convened at the defendant's request, in which the plaintiff participated. *See* ECF Nos. 21, 22, 23, 24. On January

1

27, 2020, the plaintiff filed a motion to cancel the litigation, *see* ECF No. 25, which the defendant opposed, *see* ECF No. 26.  On March 13, 2020, the court issued a notice that a hearing on the plaintiff's motion had been scheduled before me on March 18, 2020.  *See* ECF No. 27.  On March 15, 2020, the court issued a notice that the hearing had been canceled and would be rescheduled. *See* ECF No. 28.  On March 18, 2020, the court issued a notice that the hearing before me had been reset to April 7, 2020, at 9:30 a.m.  *See* ECF No. 29.  On March 26, 2020, the defendant filed a request for a hearing on a discovery dispute.  *See* ECF No. 30.  On March 30, 2020, the court issued an amended hearing notice, advising that the defendant's request for a discovery dispute hearing, as well as the plaintiff's motion, would be addressed during the hearing before me on April 7, 2020, at 9:30 a.m.  *See* ECF No. 32.  On each occasion, the plaintiff was notified of the court's action by first-class mail.

As noted above, the plaintiff did not appear for the April 7, 2020, telephonic hearing, following which I issued an order to show cause directing that he show cause in writing to the court on or before May 7, 2020, why this case should not be dismissed for lack of prosecution.  To date, he has not done so.

## II. Discussion

"A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute." *Diaz-Santos v. Dep't of Educ. of Commonwealth of P.R.*, 108 Fed. Appx. 638, 640 (1st Cir. 2004).  In addition, Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).  "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district

courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp.3d 118, 126 (D.D.C. 2015).

The plaintiff's failure to show cause in writing why his case should not be dismissed warrants the dismissal of his action. *See, e.g., United States v. Edmunds*, Case No. 15-cv-2705 (JRT/TNL), 2016 WL 7670605, at *5 (D. Minn. Dec. 6, 2016) (rec. dec., *aff'd* Jan. 10, 2017) ("[W]hile pro se litigants are accorded a certain degree of latitude, Defendant's pro se status does not excuse him from complying with this Court's orders as well as the Federal Rules of Civil Procedure and the Court's Local Rules.").

Although dismissal is appropriate, a separate issue remains as to whether the dismissal should be with prejudice. Unless the court directs otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As a general rule, however, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *See, e.g.*, *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127-28 (1st Cir. 2011). For example, "[d]ismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (citations and internal quotation marks omitted). "[W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Id*.

In this case, the *pro se* plaintiff participated in this litigation for more than a year, until April 7, 2020, when he failed to appear for the scheduled teleconference before me and subsequently failed to show cause why this case should not be dismissed. Accordingly, I recommend that the case be **DISMISSED** without prejudice.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge